IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CESTUI QUE TRUST Daniel
Thomas TePoel, in Sui
Juris, 12 USC 95(a)(2),

                                                                             ORDER

                  Plaintiff,

                                                               07-cr-66-bbc-01

        v.                                                     13-cv-690-bbc

CONSTRUCTIVE STATUTORY TRUST;
UNITED STATES OF AMERICA,

                  Defendant,

CONSTRUCTIVE STATUTORY TRUST; ATTORNEY ERIC C. PETERSON,
CONSTRUCTIVE STATUTORY TRUST; ATTORNEY MEREDITH P. DUCHEMIN,
CONSTRUCTIVE STATUTORY TRUST; ATTORNEY JOHN VAUDREUIL,
CONSTRUCTIVE STATUTORY TRUST; JUDGE STEPHEN L. COCKER,
CONSTRUCTIVE STATUTORY TRUST; C. A. KORTH,
CONSTRUCTIVE STATUTORY TRUST; JUDGE BARBARA B. CRABB,
CONSTRUCTIVE STATUTORY TRUST; SUE FOLGEL,
CONSTRUCTIVE STATUTORY TRUST; ATTORNEY HOWARD S. GOLDMAN,
CONSTRUCTIVE STATUTORY  TRUST;  ATTORNEY  ROBERT  T. RUTH,
CONSTRUCTIVE STATUTORY TRUST; ATTORNEY MORRIS BERMAN,
CONSTRUCTIVE  STATUTORY TRUST; KENNETH  MAMMOSER,
CONSTRUCTIVE STATUTORY TRUST: JONATHAN B. ROBITAILLE,
CONSTRUCTIVE STATUTORY TRUST; JON HAUSER,
CONSTRUCTIVE STATUTORY TRUST; MICHAEL J. DUDLEY,
CONSTRUCTIVE STATUTORY TRUST; ROBERT P. CANADA,
CONSTRUCTIVE  STATUTORY TRUST; DEBORAH DECKER,
CONSTRUCTIVE STATUTORY TRUST; JOHN BALKOVATZ,
CONSTRUCTIVE  STATUTORY TRUST; GERALD J. KELLER,
CONSTRUCTIVE STATUTORY TRUST; DEAN KOWALEFSKI,
CONSTRUCTIVE STATUTORY TRUST; LINDA M. FLAXNE,
CONSTRUCTIVE STATUTORY TRUST; LYNETTE SWENSON,
CONSTRUCTIVE STATUTORY TRUST; CHERYL A. SEAMAN,
CONSTRUCTIVE  STATUTORY TRUST; CLARK J. ROGERS,

1

CONSTRUCTIVE STATUTORY TRUST; RICHARD A. WILLIAMS,
CONSTRUCTIVE STATUTORY TRUST; KELLY M. GUSTAVESON,
CONSTRUCTIVE STATUTORY TRUST; BRUCE CARRIGAN,
CONSTRUCTIVE  STATUTORY TRUST; SHERRI ERICKSON,
CONSTRUCTIVE STATUTORY TRUST; MARIAN BARNES,
CONSTRUCTIVE STATUTORY TRUST; STEVE NASH,
CONSTRUCTIVE STATUTORY TRUST; CAROLYN PETROSKI,
CONSTRUCTIVE STATUTORY TRUST; FRED PETROSKI,
CONSTRUCTIVE STATUTORY TRUST; DAN OLSON,
CONSTRUCTIVE STATUTORY TRUST; MATTHEW TODD .JOHNSON,
CONSTRUCTIVE STATUTORY TRUST; JAMES CLIFFORD FRASHIER,
CONSTRUCTIVE STATUTORY TRUST; TOM O'BRIEN,
CONSTRUCTIVE STATUTORY TRUST; DIANE RUPNOW,
CONSTRUCTIVE STATUTORY TRUST; MAUREEN BEILKE,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Daniel TePoel has filed a document titled "Discharge of Criminal and Civil Obligations," in which he purports to impose a constructive trust against the United States and 38 additional individuals, some of whom were involved in the prosecution of 2007 criminal case against him.  I am listed as one of the defendants, along with three probation officers and three court reporters, as well as the United States Attorney, the United States Magistrate Judge, criminal defense lawyers and others.

       Ordinarily, the fact that plaintiff named me as a defendant would require recusal. However, he has not alleged any wrongdoing on my part or, or for that matter, on the part of any other named "Constructive Statutory Trust" party.  His document is a compilation of meaningless sentences about the Trading with the Enemy Act, the International Claims Settlement Act, Public Protections, 44 U.S.C. § 3512, the National Banking System and the Federal Reserve.  If there is a viable claim in the 24 pages that plaintiff has submitted, it

cannot be discerned.  Therefore, the "Discharge" will be dismissed without asking another judge to spend his limited time addressing it.  In re Specht, 622 F.3d 697, 700 (7th Cir. 2010) (no point in transferring matter to another judge if outcome of process is foreordained).

If plaintiff files any additional document of the same nature, the clerk of court is directed to send the document to chambers without filing it.  If the court determines that it sets out a plausible claim, it will be filed.  If not, the materials will be placed in a box in the office of the clerk of court for one year, to be destroyed at the end of that year.  In that circumstance, the clerk is directed to note in the electronic file that the court has received a document and that it has been placed in the box in the clerk's office.

ORDER

The document "Discharge of Criminal and Civil Obligations" filed by plaintiff "CestuiQue Trust Daniel Thomas TePoel, in Sui Juris," is DISMISSED as frivolous on the court's own motion.

Entered this 4th day of October, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge